# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| SARAH J. BECK,        ) | |
|     PLAINTIFF    ) | |
| ) | |
| V.                    ) | Civil Action No. 1:18-cv-174 |
| ) | |
| HONDA MANUFACTURING OF ) | **COMPLAINT AND** |
| INDIANA, LLC          ) | **DEMAND FOR JURY TRIAL** |
|     DEFENDANT    ) | |

## JURISDICTION AND VENUE

1. Plaintiff, by counsel, brings this action under the American with Disability Act pursuant to 42 U.S.C. §2000e-5.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

3. Plaintiff is a citizen of the United States residing in Jennings County, State of Indiana, which is in the judicial district for venue.

4. Defendant, Honda Manufacturing of Indiana, LLC is a corporation incorporated under the laws of Indiana having its principal place of business in Indiana. Its registered agent for service of process is INCORP Services, Inc., who may be served at 200 Byrd Way, Suite 205, Greenwood, Indiana 46143.

5. Plaintiff timely filed a discrimination charge against Defendant with the Equal Employment Opportunity Commission (EEOC). Plaintiff received a notice of her right to sue from the EEOC within 90 days of the filing of this Complaint. A copy of the notice is attached as Exhibit 1.

## DISCRIMINATION UNDER AMERICANS WITH DISABILITIES ACT

6. On June 21, 2013, Plaintiff injured her right shoulder in the course of her employment while working on the body assembly line.

7. On June 21, 2013, the date of her right shoulder injury, she was working with brake lines, requiring her to lift and place 25 pounds of bundles of brake lines on an assembly line.

8. She was off work from June 21, 2013 through approximately September 23, 2013 when she returned with restrictions of left handed work only, no personal driving, no commercial driving, and be allowed breaks for icing the right shoulder.

9. On September 12, 2013, she underwent surgical repair of the right shoulder rotator cuff tear. At that time, she went under arthroscopic rotator cuff repair, acromioplasty, distal clavicle excision, and biceps tendon debridement.

10. On October 28, 2013, Plaintiff's treating physician released Plaintiff to full time light duty work as Defendant had appropriate light duty work available.

11. On February 17, 2014, Plaintiff received a 9% upper extremity or a 5% whole person PPI rating with permanent restrictions of no reaching or lifting above chest level, no commercial driving, no lifting more than one pound from floor to waist with right arm. It was recommended no future medical care was necessary at the time of her release.

12. Plaintiff was instructed not to return to work on May 19, 2016 by Defendant despite the fact she was otherwise qualified to perform the essential functions of her job as a Temporary Quality Gate Personnel.

13. On May 19, 2016, Defendant's actions amounted to a constructive discharge of Plaintiff.

14. Defendant through its authorized agent, Charla Brown of Human Resources, stated Defendant would no longer accommodate Plaintiff's permanent restrictions for right shoulder disability.

15. There were employment positions for reasonable accommodations for the Plaintiff. However, Defendant elected not to do so, which violated the Americans with Disabilities Act.

16. Plaintiff is disabled by a physical impairment that substantially limits one or more major life activities.

17. Defendant has discriminated against Plaintiff because of her disability by failing to provide reasonable accommodations and discharging the Plaintiff because of her physical impairment.

18. Although Plaintiff is inflicted with a disability which affects her daily life activities, she is otherwise fully capable of performing the duties of her job. By ways of example, she performed in the position of Temporary Quality Gate. However, Defendant has refused to make reasonable accommodations for Plaintiff's disability although Defendant could easily do so.

19. As a direct and proximate cause of Defendant's conduct, Plaintiff has suffered and continues to suffer economic damages in an amount to be proven at trial, which includes, but is not limited to back pay.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant providing the following relief:

1. Compensatory Damages exclusive of costs and interest that Plaintiff is found to be entitled.

2. An order placing the Plaintiff in the position she would have been in had there been not violation of her rights.

3. Award of interest, costs, and reasonable attorney fees.

4. Any other and further relief as the Court deems appropriate.

Dated: *Monday, January 22, 2018*.

          Respectfully Submitted,
          /s/ J. Kevin King
          J. Kevin King, #10849-03
          Cline, King & King, P.C.
          625 Reeves Way
          Columbus, IN   47201
          Voice: 812-372-8461
          Fax: 812-372-2544
          Email: mjn@lawdogs.org